15469

SMITH v. VOLUNTEER STATE LIFE INSURANCE COMPANY

(22 S. E. (2d), 885)

*Messrs. Thomas, Cain & Black,* of Columbia, and *Mr. S. H. Schoolfield,* of Marion, Counsel for Appellant,

*Mr. W. D. Jennerette,* of Mullins, and *Mr. W. H. Muller,* of Dillon, Counsel for Respondent,

Counsel for Appellant, in reply,

November 19, 1942.

The opinion of the Court was delivered by CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE.

On March 1, 1919, Southern States Life Insurance Company issued a policy of insurance on the life of T. Coke Smith in the sum of $5,000.00, designating his estate as the beneficiary. It was provided that if the insured before attaining the age of sixty years, and before default in the payment of any premium, became totally and permanently disabled, all further premiums would be waived and the policy continued in full force and effect, and in addition the company would pay him $500.00 each year during the continuance of such disability.

The premium due March 1, 1926, was paid, keeping the insurance in force until March 1, 1927. The plaintiff contended that before the end of March, 1927, the insured became totally and permanently disabled and that before the thirty-day period of grace had expired Fred Hines, the general agent of the insurance company, took Mr. Smith to a doctor for examination and after the examination assured him that his condition was such that he would never have to pay any further premiums on his policy unless his condition improved. No further premiums were ever paid by the insured, nor did he at any time request the company to pay him the $500.00 per year.

The defendant, The Volunteer State Life Insurance Company, on or about March 1, 1931, purchased and took over the assets of the Southern States Life Insurance Company and assumed responsibility for its obligations, including its outstanding life insurance policies.

Mr. Smith died intestate on or about March 1, 1938, and the plaintiff, Mrs. Annie M. Smith, is the duly appointed administratrix of his estate.

Mrs. Smith as such administratrix on June 14, 1939, brought an action in the Court of Common Pleas for Marion County for the recovery of the $5,000.00 proceeds claimed to be due under the policy. The cause was removed to the

federal Court and was tried by the District Judge, the late Honorable Frank K. Myers, and a jury in October, 1939. At the conclusion of the plaintiff's evidence, upon motion of the defendant, an involuntary nonsuit was granted upon the merits of the case and judgment was duly entered thereon. No appeal was taken from the judgment. The plaintiff's complaint in that suit will be reported with the opinion in this case.

Thereafter on April 19, 1941, the plaintiff, Mrs. Annie M. Smith, as administratrix, instituted the present action in the Court of Common Pleas for Marion County for the recovery of $2,900.00, and that complaint will also be reported.

The defendant in its answer denied the material allegations of the complaint, and alleged that the policy had become lapsed for non-payment of the premium which became due March 1, 1927. It denied that the insured had become totally and permanently disabled while the policy was in full force and effect or that proof of such disability was furnished to the company. It pleaded that the cause of action set up in the complaint was barred by the statute of limitations; and that the judgment in the federal Court was an adjudication of all the matters and things which were or should have been heard and determined on that trial, and that such judgment is a full and complete bar to the further prosecution of this action. This was the same answer which the defendant interposed in the suit in the federal Court, except, of course, the defense of *res adjudicata*.

At the trial of the present case, before the jury was empaneled, the defendant moved before the presiding Judge, the Honorable T. S. Sease, to dismiss the suit on the ground that the cause of action is *res adjudicata*. This motion was refused and the trial proceeded. The defendant offered in evidence the record of the federal Court and at the conclusion of the evidence moved for a directed verdict on the ground that such judgment concluded all of the issues which

were or might have been raised, and that consequently it is *res adjudicata* of all the matters and things involved in this action. This motion was overruled by the presiding Judge, and the jury found a verdict for the plaintiff for $1,658.10 actual damages and $1,241.90 punitive damages. In its sixth, seventh, eighth, and fifteenth exceptions, the defendant contends that his Honor, the presiding Judge, was in error in refusing such motions.

It should be noted that in this case the nonsuit amounted to a judgment upon the merits. In the case of *Morrow v. Atlanta & C. Air Line Ry. Co.,* 84 S. C,, 224, 66 S. E., 186, 192, 19 Ann. Cas., 1009, it was said: "A nonsuit is not usually a judgment upon the merits. It was originally given against the plaintiff when he introduced insufficient evidence to support a verdict, or when he refused or neglected to proceed to the trial of the cause, after it had been put at issue. It is different, however, where the plaintiff is nonsuited or a verdict is directed because the evidence introduced by the plaintiff proves affirmatively as a matter of law that he is not entitled to recover. The difference is that in one instance the plaintiff fails to make out his case; in the other instance, he proves affirmatively facts which as a matter of law show that he is not entitled to recover."

See, also, *Hughes v. Southern Ry. Co.,* 92 S. C., 1, 75 S. E., 214; 34 C. J., 783, 893.

The judgment of the federal Court is entitled to the same conclusiveness as is accorded the judgment of a State tribunal. 34 C. J., 1160.

The action which was heard in the federal Court was clearly one on contract. The plaintiff there contended that on account of the insured's permanent and total disability the premiums were waived by the insurance company and that, therefore, the insurance was continued in force during the remainder of his life time and was in effect on March 1, 1938, at the time of his death; and so the action was

one for breach of contract on account of the refusal of the company to pay the proceeds to the administratrix.

To determine whether the former judgment is conclusive against the plaintiff by way of *res adjudicata* it will be necessary to analyze the present, or second, complaint to see what is its subject-matter and what cause of action it alleges. Does it set forth a cause of action for breach of contract accompanied by a fraudulent act?

At the trial, in his order refusing a motion for a nonsuit, in the charge to the jury, and in overruling a motion for a new trial, the learned Circuit Judge stated that the action was one for breach of contract accompanied by a fraudulent act. The case was tried on that theory.

In this Court on the appeal the respondent takes the same position. In her printed brief she says: "Thereafter on the 19th day of April, 1941, plaintiff instituted this suit in the Court of Common pleas for Marion County alleging the issuance of the policy, the payment of the premiums thereon until the first day of April, 1927, and the breach thereof accompanied by a fraudulent act and asked damages actual and punitive in the sum of twenty-nine hundred dollars." Further: "In other words, that there was a breach of contract accompanied by a fraudulent act and that because of said breach accompanied by an illegal act, the plaintiff is entitled to recover damages therefor." Again: "In Mrs. Smith's second suit as administratrix, she alleges that there is no contract of insurance but the same was breached by the defendant's predecessor accompanied by fraudulent acts." Also: "In the case now before the Court it is incumbent upon the plaintiff to prove a breach of contract accompanied by a fraudulent act."

We think that the construction placed upon the complaint in the Court below and by both parties on the appeal is the correct one, and that it does allege a cause of action for a breach of contract accompanied by a fraudulent act.

A comparison of the two complaints discloses a marked similarity in many respects. A number of the paragraphs are substantially the same in both complaints. It is true that in the second case the plaintiff goes into much more detail as to the transaction between Mr. Hines and the insured, and allegations are added charging that the conduct of the agent of defendant's predecessor was willful, wanton and fraudulent, and that he knew that the insured had become disabled; and that the representations of the agent were false and were relied upon by the insured.

While the second complaint contains many allegations which might be appropriate to an action for fraud and deceit, we do not think that the allegations as to fraud and willfulness necessarily convert it into such an action.

In the case of *Green v. Industrial Life & Health Ins. Co.,* 199 S. C., 262, 18 S. E. (2d), 873, 876, it was said: "If paragraph ten is eliminated from consideration, it is clear that a cause of action for alleged fraudulent breach of contract is stated. While the motive prompting the breach and alleged acts accompanying same are characterized as 'wicked', 'unlawful', 'fraudulent', etc., words sounding in tort, 'recriminatory words sounding in tort, however numerous or however oft-repeated cannot change the structural essence of a cause of action.' "

The Court stated in *Shaw v. Great Atlantic & Pacific Tea Co.,* 189 S. C., 437, 1 S. E. (2d), 499, 500: "Where a complaint states a cause of action in contract, and it appears that this is the gravamen of the action, it has been held that the nature of the action as *ex contractu* is not affected or changed by the fact that there are also allegations in regard to tortious conduct on the part of the defendant, such as allegations in regard to negligence, or fraud, or conversion, which in such cases may be disregarded as surplusage."

It was declared in the case of *McCullough v. American Workmen,* 200 S. C., 84, 20 S. E. (2d), 640, 644, that:

"The complaint in the instant case attempted to allege a cause of action for breach of contract. It was an action *ex contractu,* and not an action *ex delicto.* See *Lawson v. Metropolitan Life Insurance Co.,* 169 S. C. 540, 169 S. E. 430."

In the case of *Johnston-Crews Co. v. Folk,* 118 S. C., 470, 111 S. E., 15, it was stated that the essential elements of *res adjudicata* are: (1) Identity of the parties; (2) identity of subject-matter; and (3) an adjudication in the former suit of the precise question sought to be raised in the second suit.

In these cases there was, of course, an identity of the parties. The plaintiff in both cases was Mrs. Annie M. Smith, as administratrix of the estate of T. Coke Smith, deceased; and the defendant in both cases was The Volunteer State Life Insurance Company.

The principal inquiry, we think, is as to the identity of the subject-matter, and in the *Johnston-Crews case* it is said that the subject-matter is variously expressed as the claim, demand, or cause of action.

See, also, *Holcombe v. Garland & Denwiddie,* 162 S. C., 379, 160 S. E., 881.

The plaintiff in both cases alleged one right, to be paid a sum of money because of a contract of insurance, and one wrong, a refusal of the company to pay it. There was only one contract, the policy of insurance. Both cases are on the same claim or demand. The gravamen of the present action is contract. In order for the plaintiff to recover in either suit, it was necessary for her to prove a contract, and that such contract had been breached. The present action is for a breach of that contract, the same contract which was under consideration in the first case.

The claim of punitive damages does not change the subject-matter of the action. In the first case a breach of contract would allow the plaintiff to recover actual damages, while in the second case, if in addition to a wrongful breach of contract the breach was accompanied by a fraudulent

act, she would be entitled to both actual and punitive damages. In either case, there must have been a breach of contract. Nor is the essence of the action changed by the fact that the plaintiff now asks for an amount less than was sought in the other case.

In the recent case of *Johnson v. Carolina Life Ins. Co.*, 200 S. C., 308, 20 S. E. (2d), 713, opinion filed June 11, 1942, this Court said: "A test of the identity of the cause of action is, Would the evidence adequate to recovery in the second have been sufficient to support the first?"

The same proof was in fact offered in both of these cases. The same eight depositions were read word for word in both suits and the testimony of the two witnesses who took the stand was substantially the same. The respondent contends that while in the first action it was necessary for her to prove total and permanent disability, it was not necessary for her to do so in the present case, even though it is alleged in the complaint. It seems to us that it was necessary in the present case just as in the first for the plaintiff to prove total and permanent disability. If the defendant breached the contract in 1927, as contended in the respondent's brief, it did so by refusing to waive the payment of further premiums. To show that the defendant was at fault and that it violated its engagements in refusing to waive the payment of such premiums, it was necessary for the plaintiff to establish a duty upon the defendant to make such waiver. If the plaintiff did not prove disability, then there was no duty upon the defendant to continue the policy in force after 1927, and so there could be no breach of contract by it in lapsing the policy. Ordinarily the contract would have expired by its terms on March 1, 1927, or after the thirty-day period of grace. Surely the defendant did not breach the contract before that time, because the policy was admittedly in force up to March, 1927. To prove a breach of contract by the defendant, it was necessary for the plaintiff to show that but for the wrongful acts of the company

there would have been a valid and continuing insurance policy after 1927.

We think it is clear, then, that the same testimony would be necessary in both cases. The federal Court has heard that testimony and has determined that the contract was not breached and concluded that the same evidence was not sufficient to establish a right of action against the defendant.

We conclude that there was an identity of the subject-matter, and turn now to the third essential of *res adjudicata,* Was there an adjudication in the former suit of the precise question sought to be raised in the present one?

In the *Johnston-Crews case,* above, it was said [118 S. C., 470, 111 S. E., 18]:

"As to the third element as stated above: In the case of *Hart v. Bates,* 17 S. C. 35, the element is stated in rather tabloid form thus: 'The precise point must have been ruled.' This requires some amplification. If the identity of the parties and the identity of the causes of action have been established, the former adjudication is conclusive, not only of the precise issues raised and determined, but of such as might have been raised affecting the main issue.

\*      \*      \*

"If the second action is upon the same claim or demand as that in which the judgment pleaded was rendered, the judgment is an absolute bar not only of what was decided, but of what might have been decided."

See, also, *Home B. & L. Ass'n v. City of Spartanburg,* 185 S. C., 313, 194 S. E., 139; *Davis v. Town of West Greenville,* 147 S. C., 448, 145 S. E., 193.

So in the present case the former judgment concludes what might have been claimed affecting the contract as well as what was actually claimed. The plaintiff should have set out her whole action in the first case, including the charge of fraud, and not attempt to break it into separate causes of action.

See *Greenwood Drug Co. v. Bromonia Co.*, 81 S. C., 516, 62 S. E., 840, 128 Am. St. Rep., 929.

No matter whether the contract was breached in 1938 as contended in the suit in the federal Court, or in 1927 as seems to be the contention here, it was adjudicated in the former action that it had not been breached. The plaintiff in the first suit should have plead all and every breach of the contract, no matter when occurring and regardless of what kind of damages flowed from it. We do not think that a party may bring an action for a breach of contract, and having lost that case, afterwards maintain another suit for an earlier breach of the identical contract. There is but one contract; a breach of it gives rise to only one cause of action. If the defendant did not breach the contract, as was held by the federal Court, the question of fraud becomes immaterial.

We think that the judgment in the federal Court was conclusive of the second action, and that his Honor, the presiding Judge, should have so held on the motion to direct a verdict in favor of the defendant.

As a result it will not be necessary for us to consider the question of the effect of the statute of limitations, or the other points raised by the defendant's exceptions.

The judgment of the Circuit Court is accordingly reversed, and the cause is remanded to that Court for entry of judgment in favor of the defendant, under Rule 27.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.