16015

WINTHROP *ET AL.* v. MULLINS

(45 S. E. (2d) 332)

*Mr. Wm. W. Hawes,* of Columbia, for Appellant, cites:

*Messrs. Nelson, Mullins & Grier,* of Columbia, for Respondent,

*Mr. Wm. W. Hawes,* of Columbia, for Appellant, in reply,

November 26, 1947.

STUKES, J.: Harriett E. Watkins, colored, died in Richland County on May 5, 1945, at the advanced age of 95 years. She left a will whereby she gave her estate of approximately $4,000.00 to a cousin, Eliza James, with whom the testatrix had lived from 1933 until death. Prior to 1933, and since 1912, she had lived mainly with the appellants who were her nieces, although during the latter period she lived as much as a year or two, or longer, at other places and with other people.

On August 2, 1945, appellants brought an action against the administrator *cum testamento annexo* of the estate, who is respondent here, and Eliza James, the sole beneficiary

of the will, upon a cause of action for the enforcement of an alleged parol contract between the appellants and the testatrix, whereby the latter was alleged to have agreed to leave her entire estate to the appellants as compensation for furnishing the testatrix with a home and support during the remainder of her life. The action was referred to the Master who took the testimony which he reported to the court with finding and recommendation to the effect that the cause of action was not established by the required degree of proof and that the complaint should be dismissed without prejudice to the rights of the appellants to file a claim against the estate for compensation for the alleged services rendered to the testatrix.

The court heard exceptions to the Master's report which were overruled and judgment was rendered on Feb. 22, 1947, in accord with the recommendations of the Master. In the decree mention was made concerning the contention of appellants that, upon failure of proof of the alleged contract to make a will, the court should hold that appellants are nevertheless entitled to reasonable compensation for their services; but the point was overruled upon the ground that the issue made by the pleadings was whether testatrix had made the contract alleged in the complaint and that the suggested independent legal claim for compensation was not within the scope of the pleadings. The Master's recommendation that the complaint be dismissed without prejudice to the right of appellants to file a claim with the administrator was followed and it was further said by the court that it was not then necessary to determine whether such claim would be barred by lapse of time. There was no appeal from this decree which terminated the action.

Promptly after the unfavorable result of their first litigation, the appellants filed a claim with the administrator for the sum of $3,860 for their services to testatrix during the period from the year 1912 to 1933, which was rejected. They thereupon commenced the present action upon a complaint which is undistinguishable from the complaint in the

prior action except that judgment is sought for the stated sum upon *quantum meruit*, instead of for the whole estate as in the first action. The following is copied from the complaint in the instant action:

"3. That in the early part of the year, 1912, or the latter part of the year—1911—defendant's testate, Harriett E. Watkins, requested the plaintiffs for permisssion to make her home with them, and to live with them, and also promised to leave her estate to the plaintiffs, at her death, to compensate and reward them, for the board and lodging which she desired of the plaintiffs.

"4. Plaintiffs are nieces and heirs at law of the said Harriett E. Watkins, deceased.

"5. That plaintiffs went to great trouble and expense to provide a comfortable and pleasant home for their aunt—Harriett E. Watkins, deceased,—and the said Harriet E. Watkins had a room in plaintiffs' homes, set apart for her individual use, she ate at the table with the others composing plaintiffs' respective families, going from one home to the other, as pleased her, and such board and lodging, care and attention, were well worth the sum of three thousand, eight hundred and sixty ($3,860.00) dollars."

Respondent demurred to the complaint upon the grounds: (1) that action upon the alleged indebtedness is barred by the six-year Statute of Limitations; (2) claim thereupon was not filed with the administrator within the statutory time after his qualification; (3) prior election of remedy; and (4) *res judicata*.

The Circuit Court by order dated June 17, 1947, sustained the third ground of demurrer and dismissed the complaint, but overruled the other grounds. Appellants thereupon brought this appeal and the respondent preserved all of the grounds of his demurrer by the submission of appropriate additional grounds to sustain the judgment. Rule 4, Sec. 8, of the Supreme Court.

The most obvious barrier to the successful prosecution of this second action by appellants is the applicability of the rule of *res judicata* which requires sustention of the third ground of the demurrer and renders unnecessary the consideration of the other grounds.

The appellants are on the horns of a dilemma. They have pursued their claimed remedy for the enforcement of a contract for a will (giving them the whole estate) to adverse judgment. Should they have sued secondly simply upon *quantum meruit* for services rendered testatrix, they would have been met with the bar of the Statute of Limitations. Their attempt to resort to the present, subsequent action upon contract for payment by will of the reasonable value of their services (in evident effort to avoid the statute) is faced with the pleaded defense of *res judicata*. The elements of the latter are plainly present. Appellants state themselves out of court by their second exception which is as follows: "The Circuit Judge erred in holding that plaintiffs' first action constituted an election to pursue a different and inconsistent remedy than the instant action, and that the present action, is, therefore, barred: The error being that the first and second actions arise out of express agreements to pay by will for services rendered to testatrix by plaintiffs; the first action claimed the entire estate under an alleged parol contract to make an irrevocable will; the second action alleges compensation for services rendered testatrix to be provided by her will, which was not done, and seeks judgment for the value of the services rendered on a *quantum meruit* basis; both actions charge the estate, hence are not inconsistent".

The position of appellants is more naive than sound. On the theory of it, successive actions would be maintainable *ad infinitum* so long as the second and subsequent complaints stated an amount of alleged indebtedness differing from the amounts claimed in the complaints in the former unsuccessful actions. There would be no end of litigation, which is contrary to the public interest and in violation of

the principle of *res judicata* that no one should be sued twice on the same cause of action.

Appellants' position that their first action is not a bar to this because, it is alleged, the decision was not upon the merits, is clearly untenable. The contention is that it was "dismissed", in the nature of a nonsuit which will not bar the second action upon the same cause of action. However, enough has been said to demonstrate that the judgment was upon the merits and was, in effect, a decision that appellants' evidence was insufficient to establish the cause. It was certainly not in the nature of a voluntary nonsuit, nor did it result from the failure to adduce any evidence. Supporting decisions of this court may be found in 20 S. E. Dig., Judgment, Key No. 570. Our latest decision upon the point appears to be *Smith v. Volunteer State Life Ins. Co.*, 201 S. C. 291, 22 S. E. (2d) 885.

The case just cited is clear authority for application to this of the doctrine of *res judicata*. Appellants and respondent were adversaries in the first action. The subject matter of the two actions is the same, to wit, an alleged contract of testator to make a will of which appellants should be the beneficiaries. In the first action it was contended that they should be the sole beneficiaries; in this that they should be to the extent of the value of their services. The latter was available as an issue in the first litigation and should have been raised and adjudicated, if claimed. The following is quoted from the opinion in the *Smith case, supra*, 201 S. C. at page 307, 22 S. E. (2d) at page 891: "So in the present case the former judgment concludes what might have been claimed affecting the contract as well as what was actually claimed. The plaintiff should have set out her whole action in the first case, including the charge of fraud, and not attempt to break it into separate causes of action".

Judgment affirmed.

BAKER, CJ., and FISHBURNE, TAYLOR and OXNER, JJ., concur.