Spencer B. **THRIFT**, Plaintiff,

v.

**BELL LINES, INC.**, and General Drivers, Warehousemen and Helpers, Local Union No. 509, Defendants.

Civ. A. No. 4998.

United States District Court
D. South Carolina,
Greenville Division.

Heard May 15, 1967.

Decided June 8, 1967.

P. Bradley Morrah, Jr., Greenville, S. C., and Homer L. Deakins, Jr., of Thompson, Ogletree & Haynsworth, Greenville, S. C., for defendant Bell Lines, Inc.

John Bolt Culbertson, Greenville, S. C., and Herbert S. Thachter, Washington, D. C., for defendant General Drivers, Warehousemen and Helpers, Local Union No. 509.

HEMPHILL, District Judge.

This action is brought by Spencer Thrift against Bell Lines Incorporated, his former employer and against General Drivers, Warehousemen and Helpers, Local Union No. 509, as his representative under the union's collective bargaining agreement with the employer.

The bargaining agreement provided for handling discharges through grievance procedures and then, if necessary, for submitting them to a Joint Bi-State Committee, and for arbitration. The plaintiff alleges that the company peremptorily, without proper cause or legitimate reason discharged him and that this action constituted a breach of the collective bargaining agreement. He acknowledges that the union complied with the provisions of the agreement by submitting his grievance to the Joint Bi-State Committee on February 19, 1964, and that the union took the position that the plaintiff was unjustly discharged. The decision by this Committee was that the grievance be deadlocked and referred to arbitration for decision. Thereafter, the representatives of the two defendants agreed upon an arbitrator, and a hearing was held before him. At that hearing, the union again took the position that the plaintiff was unjustly discharged. During the hearing, the company offered two letters into evidence. One was signed by three other employees stating that they could not get along with Thrift. On March 2, 1964, the arbitrator found that the company had not violated the agreement by discharging Thrift. Thrift maintains that the arbitrator's award was patently erroneous, and that it was founded upon a fraud perpe-

O. Doyle Martin, of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for plaintiff.

trated by the company and the three individual employees, and that the fraud was concurred in by the union in failing to act on his behalf. He further complains that he was not properly represented before the arbitrator, and that his union representative was biased against his case and failed to present available evidence to show the error of the company. He contends that because of the precipitate manner in which the grievance procedures were scheduled, he had no opportunity to seek counseling, advice, or assistance. He concludes that these allegations demonstrate that the union, with collusion by the company, violated its statutory and contractual duty to fairly represent him, which deprived him of a fair and impartial hearing before the arbitrator in accordance with due process of law.

The facts set forth above represent the allegations of the plaintiff's complaint, and they are sharply controverted in material respects by the responsive pleadings of the defendants.

Bell Lines moved at an earlier time to dismiss the complaint for failure to state a claim upon which relief could be granted and moved for an order requiring the plaintiff to make more definite and certain the allegations of the complaint which raised the issue of fraud. Both of these motions were denied by the order of July 27, 1966. Thrift v. Bell Lines, Inc., 256 F.Supp. 475 (D.S.C.1966). The court ruled on the motion to dismiss that "plaintiff has a right to bring the action against either or both defendants. As examined by this court his complaint is adequate to present an issue and he is entitled to a trial on the merits." Id. at 479.

When the case came on for trial before a jury, it was continued in order that certain issues of law could be disposed of before submitting the case to a jury. The motion to dismiss by Local 509 and this motion for summary judgment by Bell Lines followed to place these questions of law before the court.

The motion to dismiss the union raises the question of jurisdiction, therefore it will be resolved first. The motion is founded on the proposition that the NLRB has exclusive jurisdiction over this action because, although cast as a section 301 of the Labor Management Relations Act action, 29 U.S.C.A. § 185, it is an action cognizable under sections 7 and 8 of the Taft-Hartley Act, National Labor Relations Act. The allegations that the union did not fairly represent the plaintiff would then, it is argued, constitute only an unfair labor practice in violation of the Act rather than a breach of the Collective Bargaining Contract within section 301, and that therefore the NLRB would have exclusive jurisdiction over the complaint. See Local Union No. 12, Rubber Workers, etc. v. National Labor Relations Board, 368 F.2d 12 (5th Cir. 1966). See also Alexander v. Pacific Maritime Ass'n, 314 F.2d 690, 692 (9th Cir. 1963) cert. denied 379 U.S. 882, 85 S.Ct. 150, 13 L.Ed.2d 88; Chasis v. Progress Mfg. Co., Inc., 256 F.Supp. 747 (E.D.Pa.1966).

The Supreme Court, however, in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), has held that where it is necessary to prove an unfair labor practice as part and parcel of a section 301 action for breach of the contract the jurisdiction of the court is not preempted: "If a breach of duty by the union and a breach of contract by the employer are proven, the court must fashion an appropriate remedy." Id. at 187, 87 S.Ct. at 915.

■ The union's position in this case is that the complaint implicates conduct of the union which took place after the company discharged Mr. Thrift. This view, according to the union, if correct, would separate the union's actions from the company's, take the action out of the scope of section 301, and leave the union charged with only an unfair labor practice.

In the opinion of the court the complaint is not fairly susceptible of the interpretation the union has placed on it. It remains a section 301 action. See Thrift v. Bell Lines, Inc., 256 F.Supp. 475

(D.S.C.1966), and the action is properly pleaded under Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Jurisdiction in the District Court is not preempted.

The defense of res judicata is the second ground set forth by the union in its motion to dismiss and it is also the basis for the motion for summary judgment by the company.

■ The plaintiff maintains that the original motion to dismiss was decided with reference to matters outside the pleadings, and that it was in effect a motion for summary judgment and must be considered as one. The plaintiff's point is that the present motion for summary judgment is untimely and should have been exhausted in the first motion. The court is unpersuaded that the plaintiff has been prejudiced in this respect by allowing the motion at present. A motion for summary judgment under Rule 56 may be made at any time, of course, and judgment may be rendered in whole or in part as to the various issues in the case, Fed.R.Civ.P. 56. At the time the ruling on the original motion to dismiss was made the defense of res judicata was raised by answer, but it was not pressed in argument on the motion. The complete record of the state court action which is the basis of the defense of res judicata was not before the court. No summary judgment on the issue of res judicata was implicitly given in the order refusing the motion to dismiss. The defense would not be precluded at the trial of this case certainly, therefore the issue is properly before the court at this time as an issue of law.

A prior action in the South Carolina Court of Common Pleas against the company alone for the alleged wrongful discharge terminated in an order of nonsuit at the end of the plaintiff's case.

In his suit in the Court of Common Pleas Thrift alleged, as he does here, that his peremptory discharge was without proper cause or legitimate reason and that it constituted a breach of the collective bargaining agreement. The union was not joined as a party to that suit. The complaint in the state court did not contain any of the allegations of fraud or collusion mentioned in his complaint in this action. The answer by the company in the state court generally denied the allegations of the complaint and affirmatively alleged that the plaintiff was bound by the decision of the arbitrator. At the time of trial in the state court, the plaintiff was permitted to present all available evidence. However, after he rested his case, the state court granted an involuntary nonsuit. That order was based on a ruling by the presiding judge that once the arbitration proceedings found the discharge justified, the plaintiff was precluded from bringing the action de novo in court. The ruling was based on the Judge's interpretation of Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Under that authority, as he read it, the Judge ruled that no simple breach of contract action was maintainable de novo in the court against an employer if there had been arbitration of the claim. No appeal was taken from that decision and it became the final decision of the case.

■■ The doctrine of res judicata as framed by many courts is that a "judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court." 30 Am.Jur. Judgments § 324 (1940). Accord, Griggs v. Griggs, 214 S.C. 177, 51 S.E.2d 622 (1949). The prior judgment must, however, be rendered on the merits of the claim if it is to be used to invoke the doctrine against the second action. 30 Am.Jur. Judgments § 347 (1940). Accord, Whetsell v. Sovereign Camp, W. O. W., 188 S.C. 106, 198 S.E. 153 (1938). See also Lawlor v. National Screen Service Corp., 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054; Angel v. Bullington, 330 U.S. 183, 67 S.

Ct. 657, 91 L.Ed. 832; 1B Moore, Federal Practice ¶ 0.405. Whether the decision of the trial judge in that case became a judgment rendered on the merits is a question which is vital in determining whether the doctrine of res judicata is a defense to this action. From the transcript of the proceedings in the Court of Common Pleas, in the South Carolina action, the trial judge took pains to see that the record would show the precise legal issue on which he was rendering his decision and precisely which issues were not being decided. After stating that he had studied the majority opinion in Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), and the dissenting opinion of Mr. Justice Black, he issued his ruling:

> However, it seems to me in the interest of getting some law on this subject, some clear-cut law, the single issue involved, that it would probably be for the motion of justice to rule flatly on this point, predicate the decision strictly on this rather than maybe extraneous matters come on into the trial of the case, extraneous to this one issue.

> \* \* \* \* \* \*

> [T]here is no question here but that the Federal law applies, the Federal substantive law applies in this case, and that in view of the Maddox case, the distinctions they have made, the limitations they have placed on previous cases cited, that the exclusive remedy of an employee who has with his union entered into a collective bargaining agreement, which provides binding arbitration—I'm also ruling that the language of the contract provides a remedy that is binding in view of the language which says 'otherwise you will have relief to the courts', and so forth. I'm ruling specifically that that is a—under the procedure that was gone through here, that if the procedure is gone through with as it was here that it is binding under that contract and that this claimant, this plaintiff, is precluded under the Maddox

case from now bringing this action de novo in court.

> I am going to rule that the award is necessary to my decision here. I'm going to rule that the award made by the arbitrator was made within the machinery and of the contract and that the award was—if the issue is raised by the pleadings, that the award of the arbitrator is within the authority of the machinery set up in the parties' agreement.

The limits of the holding in that case must be that (1) there had been an arbitration within the procedures set up by the contract, and (2) that as a matter of law, no de novo action for discharge in violation of the contract was permissible. Whether the discharge of the plaintiff under those circumstances was wrongful was not decided. The defendants argue that the decision whether it be right or wrong, is now final and is the law of the case for failure of the defendant to go forward with an appeal.

In considering the conclusiveness of the state court's ruling, it is important to recognize that the plaintiff does not here allege in his complaint or assert elsewhere that the proceedings before the state court were irregular. He does not claim that he was denied the opportunity of counsel, or otherwise denied due process of law, in the prosecution of his case in the state court. He makes these allegations only in connection with the earlier hearing before the arbitrator, the conclusiveness of which proceedings was brought into issue in the state court.

■ Was the prior decision by the state court a determination on the merits? Is the plaintiff's complaint in this court based upon the same "cause of action" as his complaint in the state court? Under the circumstances of this case, the court concludes that both of these questions must be answered in the affirmative.

■■ The state judge's decision was not based upon a deficiency in the plaintiff's evidence. It was decided that as

a matter of federal law, an employee was bound by an arbitrator's decision where the contract so provided as a matter of law. Though in the form of an involuntary nonsuit the decision was one rendered on the merits. At 17 Am.Jur. Dismissals, Discontinuance and Nonsuits § 89 the principle is given that:

> [A] nonsuit granted, not for a failure of evidence, but on the merits and because the plaintiff has no cause of action, is * * * res judicata and binding in a subsequent suit between the same parties based upon the same cause of action. A nonsuit on the ground that the evidence introduced by the plaintiff shows affirmatively as a matter of law that he is not entitled to recover is a bar to a subsequent action in another jurisdiction between the same parties for the same cause of action.

A judgment of nonsuit does not usually bar a subsequent suit on the same cause of action, however, notwithstanding this general rule a judgment in fact on the merits is a bar although it is called a nonsuit. "So a judgment of involuntary nonsuit rendered because plaintiff's evidence proves affirmatively, as a matter of law, that he is not entitled to recover, and not merely because such evidence is insufficient to support a verdict, has been held to be a judgment on the merits and to operate as a bar * * *." (Citing Smith v. Volunteer State Life Ins. Co., 201 S.C. 291, 22 S.E.2d 885 (1942) (footnotes omitted). 50 C.J.S. Judgments § 632, at p. 59 (1947).

South Carolina decisions are in accord. See Smith v. Volunteer State Life Ins. Co., 201 S.C. 291, 22 S.E.2d 885 (1942); Morrow v. Atlanta & Charlotte Air Line Ry. Co., 84 S.C. 224, 66 S.E. 186, 192–193 (1909); Cartin v. South Bound R. Co., 43 S.C. 221, 20 S.E. 979 (1895). The rule applied in federal cases also leads to the same conclusion under the facts in this case. See Fed.R.Civ.P. 50(a).

Whether that principle controls these facts is strenuously argued. The plaintiff contends that the state decision held only that there was no judicial remedy as the case was presented: that his mistaken choice of a fancied remedy on that certain set of facts was not such an election as would bar him from pursuing another remedy which is appropriate to the facts. This argument is based on those cases which hold that a party who pursues a supposed remedy which never existed, and who pursues it until a court adjudges that it never existed, is not precluded from later pursuing a remedy to which in law he is entitled. See Lancaster v. Smithco, Inc., 241 S.C. 451, 128 S.E.2d 915 (1962); LaFitte v. Tucker, 216 S.C. 201, 57 S.E.2d 255 (1950).

The court is unpersuaded by that argument. The state judge's ruling was that there had been an affirmative showing not that he was without jurisdiction to grant the remedy, but that the contract at suit provided itself for arbitration and no more.

 Whether the state court's interpretation of the law was correct or not is no longer for the purposes of this case a proper subject of debate, for even a "judgment which is wrong but unreversed and unmodified is just as effective as a judgment which is right," McIntosh v. Wiggins, 123 F.2d 316, 321 (8th Cir. 1941) cert. denied 315 U.S. 815, 62 S.Ct. 800, 86 L.Ed. 1213. That the original action in the state court was not appealed is disquieting, and especially so in view of the able state judge's expressed hope that his resolution of a difficult question of law would be reviewed and that the law would be clarified by a superior court.

The wrongful discharge of the plaintiff is the gravamen of the complaints against the company in both proceedings. The only difference is that in this case the plaintiff makes additional allegations to support his claim of a breach of contract, i. e., that the company procured false statements from other employees to support the grounds for discharge and that the arbitrator's decision relied upon fraudulently obtained evidence.

The commonly applied test of identity of causes of action is whether the same evidence would sustain both suits.

A cause of action for the purpose of applying the doctrine of res judicata is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. The number and variety of the facts alleged do not constitute more than one cause of action as long as their result, whether they be considered severally or in combination, is the violation of one but right by a single legal wrong. In determining whether causes of action are identical so as to warrant application of the rule of res judicata, the test most commonly stated is to ascertain whether the same evidence which is necessary to sustain the second action would have been sufficient to authorize a recovery in the first; if so the prior judgment is a bar; otherwise it is not. 50 C.J.S. Judgments § 648, at p. 88 (1947).

The Supreme Court has stated that a prior decision on the merits of a claim constitutes a bar "not only as to every matter which was offered and received to sustain or defeat a claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1947). See 1B Moore, Federal Practice ¶ 0.405. This suit against the company is grounded upon the same alleged breach of contract litigated in the state court, and under the Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) case, proof of the plaintiff's additional allegations in this suit would clearly have been "admissible matter which might have been offered" in the state court proceeding.

■ It is the court's opinion that the plaintiff has merely added supplemental allegations to support the original cause of action previously asserted in the state court. He does not claim that these additional grounds to support his basic cause of action were unavailable at the time his case was tried by the state court. The doctrine of res judicata has as its purpose "to prevent the splitting of a single cause of action and the use of several grounds for recovery under the same action as the basis for separate suits." 1B Moore, Federal Practice ¶ 0.410 [2].

■ The state court's ruling is res judicata to Thrift's action against the company. The complaint alleges that after the discharge was consummated, the union knowingly failed to adequately present the plaintiff's case to the arbitrator. Since there already exists a final ruling by the state court that the plaintiff has no court action against the company after arbitration for breach of contract, and since the plaintiff does not allege any independent breach of contract against the union, it is immaterial whether the union adequately represented the plaintiff in processing his grievance or not. If in fact the employer did not wrongfully discharge the plaintiff— which procedurally this court is bound to accept—the union cannot be held accountable for breach of the duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1963).

For the reasons set forth above Bell Lines' motion for summary judgment is granted, and the union's motion to dismiss is granted.

The testimony of Spencer B. Thrift, Joe D. Wood, B. D. Pittman, C. B. Simmons, W. N. Hatcher, Hugh C. Leary, and J. W. Brown, and the pertinent comments of the presiding judge have been transcribed and submitted to this court for consideration. It is further ordered that these records be filed in this action as a part of the permanent record of this case.

And it is so ordered.