### BATSON v. PORTER, Adm'r, Office of Price Administration.

### No. 5462.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1946.

James H. Price, Jr., of Greenville, S. C. (James H. Price and James D. Poag, both of Greenville, S. C., on the brief), for appellant.

Nathan Siegel, Sp. Appellate Atty., Office of Price Administration, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director, Litigation Division, and David London, Chief, Appellate Branch, Office of Price Administration, all of Washington, D. C., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

SOPER, Circuit Judge.

Summary judgment for $3787.14 and costs was entered against Roy S. Batson, defendant in the District Court, based upon the pleadings which showed that he had sold meats at wholesale in excess of the ceiling prices established by the regulations issued by the Office of Price Administration. In addition the defendant was enjoined from making sales in violation of the regulations then or subsequently issued by the Administrator. The action involves the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix § 901 et seq.

The appellant contends that the entry of the summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, was not authorized by the state of the pleadings which are set out in detail in the carefully considered opinion of the District Court in Bowles v. Batson, 61 F.Supp. 839. The contention is based on the grounds: (1) That the ceiling price on meat sold by the defendant as a wholesale dealer was confiscatory and unconstitutional; (2) that the spirit of the statute was not violated by the defendant because the retail dealers who purchased the goods resold them within the retail ceiling price; (3) that the retail dealers who purchased the goods from the defendant had constituted him their agent to obtain the meat for them with the understanding and assurance, which were carried out, that they would absorb the difference between the ceiling price and the defendant's charges and would not pass on the excess to the consuming public; (4) that in view of these circumstances there was no wilful violation of the established ceiling price by the defendant.

The first and fourth of these grounds were raised in the District Court and were adequately disposed of in the opinion of the court where it was shown that the jurisdiction to consider the validity of the regulations was vested exclusively in the Emergency Court of Appeals and

that the defendant's conduct amounted to a wilful violation of the regulations since it was knowingly and deliberately performed. See 61 F.Supp. 844. Little need be added to what is said in the opinion with respect to the second and third grounds on which the defense is based. It is obvious that the defendant was not authorized to substitute his judgment for that of the administrator and to sell his product to retail dealers above the authorized ceiling price merely because he believed that the retail dealers would absorb the excess and would not in turn violate the regulations in making their retail sales. The defendant·not only deliberately violated the law himself but furnished to the retail dealers a motive to violate the statute themselves.

■ It is equally clear that the defendant conducted his business during the period covered by the charges in the same manner as he had previously done, and that throughout both periods he was not an agent of the retailers but an independent wholesale dealer who bought live cattle and caused them to be slaughtered for resale. In his answer the defendant alleged that during the period covered by the complaint he was compelled to pay prices in excess of the price at which the defendant and other wholesale dealers in his class could lawfully resell the goods, but that he bought them at these high prices because his customers informed him that they must supply the public with meat "and in effect constituted defendant as their agent to get dressed beef and hogs for them and that they would absorb the difference themselves and sell at retail to their customers within the retail ceiling prices".

■ This allegation of agency "in effect" is no more than a legal.conclusion of the pleader set forth without any basis of fact as a defense to the charges brought by the Administrator. The facts set forth by the defendant in his pleadings do not indicate · that the retailers held out the defendant as their agent or that they had any liability to the livestock growers for the purchases of the defendant or any liability to the processors for the services rendered by them upon the defendant's order. His. dealings with the growers of the cattle and with the processors were his own and he did not become the agent of the retailers merely because they paid him more than the lawful wholesale ceiling price but kept within the law in selling·the goods at retail. The facts upon which the summary judgment was based are set out in the complaint and in the answers made by the defendant to the plaintiff's request for admissions under Rule 36(a) of the Rules of Civil Procedure. As pointed out in the opinion of the District Court, the matters for which admission is requested under this practice are deemed admitted unless a sworn statement is filed in which they are specifically denied or specific reasons are given why they cannot be truthfully admitted or denied. When the request for admissions and the answer thereto in this case are examined in the light of this rule, it will be seen that the defendant, acting for himself and not as an agent of the retailers, purchased the animals and made the illegal sales to the retailers as charged in the course of his trade or business as a wholesale dealer.

The judgment of the District Court is affirmed.