**Roy T. SORRELL, Jr. and Herbert A. Haneman, trading as Western Branch Diesel Sales and Service, Libellant,**

v.

**THE ALICE MAE, Official No. 258693, in rem, and Kelley Watson, her owner, in personam, Respondent.**

**No. 203.**

United States District Court E. D. North Carolina, Washington Division.

June 4, 1956.

Rodman & Rodman, Washington, N. C., for libelant.

LeRoy Scott, Washington, N. C., for respondent.

GILLIAM, District Judge.

This is a libel in rem against the Oil Screw Alice Mae and in personam against Kelley Watson, for certain supplies and services covered by invoices and furnished respectively to the Alice Mae and to Watson. Though no question as to the correctness of the account presented was made until after the libel was filed, the respondent Kelley Watson, owner of the Alice Mae, in his answer and at the trial claimed credits exceeding the amount of the account for services and supplies, and now asks the Court to find there is nothing due libellant.

During the progress of this proceeding, the libellant served request for admissions on respondents which were

never answered as required by the rules. This being true, the facts set forth in the request are deemed admitted. Batson v. Porter, Adm'r, 4 Cir., 154 F.2d 566. Upon these deemed admissions and the evidence, I find these facts:

■ Supplies and services having a just and reasonable value of $845.71 were furnished to the Alice Mae by the libellant.

Supplies and services were furnished to respondent Kelley Watson, for use on other vessels owned by him and the balance due for such supplies and services, after allowing all proper credits, is $283.-33.

Thus, I find that libellant is entitled to recover of the respondent Kelley Watson the total amount of $1,129.04, of which $845.71 represents services and supplies to the Alice Mae for which she is liable in rem.

The several contentions of respondent for credit and deduction from the amount claimed by libellant have been carefully considered in the light of the evidence and facts deemed admitted and each of such contentions is rejected with the exception of the claim of credit for return of a salt water pump, amounting to $138.-50. This contention is established by the evidence and is allowed in the above computation.

■ The date of the last transaction between the parties was May 6, 1950, and libellant is entitled to interest from that date.

Significantly, the evidence shows that while libellant submitted monthly statements of account after May 6, 1950, and Mr. Herbert A. Haneman, representing libellant, made repeated visits to respondent Watson in an effort to collect the account, it was not until after the libel was filed in January, 1953, that objections to the account were offered. Theretofore, the only excuse for failure to pay was lack of funds.

A decree will enter.