**WEVA OIL CORPORATION, A Corporation, et .al., Plaintiffs,**

v.

**BELCO PETROLEUM CORPORATION, a corporation, Defendant.**

The **BURTNER–MORGAN–STEPHENS COMPANY, a corporation, and Federal Insurance Company, a corporation, Plaintiffs,**

v.

**WEVA OIL CORPORATION, sometimes and otherwise known as Weva Oil Company and as Weva Oil and Gas Co., a corp., et al., Defendants.**

Civ. A. Nos. 69–5–P, 70–6–P.

United States District Court,
N. D. West Virginia,
Parkersburg Division.

Oct. 8, 1975.

Orville L. Hardman, Parkersburg, W. Va., for plaintiffs Weva Oil Corp. et al.

Wm. Bruce Hoff, Parkersburg, W. Va., for plaintiffs Burtner-Morgan-Stephens Co. and Federal Ins. Co.

Fred L. Davis, Parkersburg, W. Va., T. D. Kauffelt, Charleston, W. Va., Orville L. Hardman, Parkersburg, W. Va., for defendants Weva Oil Corp. et al.

## MEMORANDUM

MAXWELL, Chief Judge.

Belco Petroleum Corporation (Belco), Weva Oil Corporation (Weva), and Jet Oil Company (Jet), entered into an operating agreement to explore and develop a lease for oil and gas. The pleadings and

exhibits of record and the statement of uncontroverted facts contained in the pre-trial order prepared by counsel for the parties and filed herein disclose that the three joint venturers were to share equally the cost of developing the lease as well as the profits, if any. Weva was designated as the operating agent of the parties and, as such, contracted with The Burtner-Morgan-Stephens Company (BMS) to drill the well.

BMS commenced drilling operations and reached a depth of approximately 6,550 feet when a "blowout" occurred.

Shortly thereafter Belco retained the services of an expert in the field of well control and sent him, along with Belco's Chief Engineer and one of its attorneys, to the well site.

Among the issues presented in this litigation is Belco's involvement in the effort to control the "blowout" and its claim for reimbursement for the expense thereof. Weva contends that Belco placed one Paul "Red" Adair in charge of operations to control the "blowout" and incurred expenses without the authorization of Weva, the designated operator, in violation of the agreement entered into by the three joint venturers.

Weva brought action against Belco alleging damages in the amount of $130,-000 in consequence of Belco's handling of the blowout control operation and seeking, as further relief, judgment that Weva not be indebted to Belco for any sums expended by Belco in its handling of the well, allegedly contrary to the provisions contained in the operating agreement.

Belco filed, with its answer, a counterclaim alleging negligence on the part of Weva for failure to conduct drilling operations in a workmanlike manner and seeking, among other claims for relief, reimbursement from Weva for its proportionate share of the expense incurred in bringing the well under control after the "blowout". Jet has fully reimbursed Belco in an amount equal to its proportionate share of the cost of controlling the "blowout".

The action against Belco by Weva and Arthur Bobrick, Charlotte Bobrick, and Raymond H. Faxon, 69–5–P, is consolidated for trial with an action by BMS and Federal Insurance Company against Belco, Weva and Jet, 70–6–P, arising out of the drilling contract.

Issues of fact and law presented in this litigation have been fully developed by counsel for the parties through extensive discovery, motion practice, and in the preparation of a thorough and lengthy pre-trial order.

Belco served on Weva a Request for Admission of Facts on May 28, 1975, pursuant to Rule 36(a), Federal Rules of Civil Procedure. Weva did not respond to the requests for admission within thirty (30) days after service thereof and Belco, on July 11, 1975, filed a Motion for Summary Judgment, Rule 56, Federal Rules of Civil Procedure, relying on matters set forth in its requests for admission as being admitted in consequence of Weva's failure to make a timely response thereto. Filed with Belco's Motion for Summary Judgment is the affidavit of its attorney, Fred L. Davis.

Weva, on July 29, 1975, filed an Objection to Motion for Summary Judgment and a Motion for the entry of an order permitting Weva to respond to Belco's request for admission "to and through August 15, 1975, for the reason of inadvertence upon the part of counsel for the aforesaid litigants and failing to receive the requests for admission promptly." On July 30, 1975, Weva served Belco's attorney with a written response to Request for Admission of Facts.

Belco's requests for admission relate to its counterclaim #1, in Civil Action 69–5–P and are comprised of nine separate matters pertaining to the necessity

and reasonableness of action taken and of funds expended by Belco to control the "blowout".

At the threshold of the immediate issue presented, the Court must consider Weva's motion to permit its tardy response to Belco's requests for admission.

In its Objection to Motion for Summary Judgment, Weva offers, as excusable neglect and inadvertence for the untimely response to requests for admission, the fact that its attorney failed to receive the requests and was unaware of their filing until July 7, 1975. Numbered paragraph 2 of the motion states "The [attorney's] failure to receive the request for admissions was caused by clerical error in that the requests were, inadvertently placed in a file to be held for further filing and this mail was neither received nor read and its existence was unknown until revealed [to the attorney] by Fred L. Davis in discussion of deposition arrangments." The motion states that responses to the requests for admission "are prepared and being filed by the parties and a portion of them are forwarded as of this date."

In oral argument on Belco's Motion for Summary Judgment, counsel for Weva offered as the reason for misfiling Belco's requests for admission secretarial changes in his office and asserted the absence of any intent to delay responding to the requests.

Rule 36(a) permits one party to serve upon another a written request for the admission of the truth of any matters within the scope of Rule 26(b), Federal Rules of Civil Procedure, and provides that "The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."

█ It is well established that failure to respond to requests for admission is deemed to be an admission of the matters set forth. 8 Wright & Miller,

Federal Practice and Procedure § 2259 (1970). *Shapiro, Bernstein & Company, Inc. v. "Log Cabin Club Ass'n."*, 365 F.Supp. 325 (N.D.W.Va.1973); *Luick v. Graybar Electric Company, Inc.*, 473 F.2d 1360 (8th Cir. 1973); *U.S. ex rel. Seals v. Wiman*, 304 F.2d 53, 61 (5th Cir. 1962), *cert. den.* 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722 and 372 U.S. 924, 83 S.Ct. 741, 9 L.Ed.2d 729; *John Mohr & Sons v. Apex Terminal Warehouses, Inc.*, 422 F.2d 638 (7th Cir. 1970); *O'Campo v. Hardisty*, 262 F.2d 621 (9th Cir. 1958). Weva neither denies the fact of its late response nor questions the principle that failure to respond to requests for admission is deemed to be an admission of the truth of the matters contained therein. Instead, it invokes as grounds for relief, the provisions of Rule 60(b), Federal Rules of Civil Procedure, namely, mistake, inadvertence, surprise, and excusable neglect.

Counsel does not cite, nor has the Court found any decision applying the provisions of Rule 60(b), so as to relieve a party for failure to make timely response under the requirements of Rule 36(a). The language of Rule 60(b) clearly states its applicability to "a *final* judgment, order, or proceeding" and does not appear to make, even by implication, its provisions relevant to Rule 36(a). [emphasis added]. Sections 2257 and 2259, Wright, *supra*, cite authority in support of the proposition that a court can, in its discretion, permit untimely answers to requests for admission, but it is noteworthy that where such relief is granted, the court must consider whether permitting answers out of time would prejudice the requesting party.

█ In the instant case, permitting Weva to respond out of time would prejudice Belco by requiring it to prove matters contained in its requests for admission as evidenced in its Exhibit #13. From the record before the court, it can be ascertained that while the introduction of such evidence could in all proba-

bility be accomplished, the task would be lengthy, laborious and extremely costly to Belco. In considering the weight of prejudice in such circumstances, the court must not treat lightly such burdens when visited upon a litigant, especially when that litigant has properly utilized the Rules of Civil Procedure to advance his litigation toward a ". . . [j]ust, speedy and inexpensive . . ." (Rule 1, F.R.C.P.) conclusion. The expressed language of the Federal Rules of Civil Procedure as well as the spirit of the Rules support, it seems, Belco's position in this issue. Moreover, were the court to grant relief on the facts here presented, i. e., an alleged procedural error, unsupported by affidavit, deposition or otherwise, in the office of the non-responding party's attorney, the result would be to totally nullify the time requirements set forth in Rule 36(a). The court has been directed to and can locate no decision, with a fact situation similar to the one presented in this action, where relief was granted for untimely response.

■■ Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . .." Where there is no genuine issue as to any material fact, summary judgment may be granted as a matter of law. *Clark v. Volpe,* 481 F.2d 634 (4th Cir. 1973). Subdivision (d) provides, "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked . . . the court . . . shall if practicable ascertain what material facts . . . are actually and in good faith controverted", and direct such further proceedings in the action as are just. "A motion for summary judgment under Rule 56 may be . . . rendered in whole or in part as to the various is-

sues in the case." *Thrift v. Bell Lines, Inc.,* 269 F.Supp. 214 (D.S.C.1967).

■ *Luick, supra,* stands for the proposition that unanswered requests for admission render the matter requested conclusively established for the purpose of that suit and that a summary judgment may be based on admitted matter. *Batson v. Porter,* 154 F.2d 566 (4th Cir. 1946) establishes that answers made in response to a request for admission under Rule 36 were sufficient to serve as a basis for a motion for summary judgment. Accord, *Shapiro, Bernstein & Company, Inc., supra,* see Wright, *supra,* § 2264, and 6 Moore's Federal Practice, ¶ 56.11 [1.5].

The Court in *Balistrieri v. Holtzman,* 55 F.R.D. 470 (E.D.Wis.1972), found that no affirmative action on the part of the party requesting admissions is necessary and said, "Under this rule [36], such matters are admitted unless there is an objection or a written answer addressed to the matters served on the requesting party. Thus, the plaintiff was not obliged to take affirmative action in response to the defendant's request for admissions. 4A Moore's Federal Practice ¶ 36.03 [7.2]." In *Mangan v. Broderick and Bascom Rope Company,* 351 F.2d 24 (7th Cir. 1965), it was determined that a party's failure to respond admits the truth of all matters therein stated; that where there is no response to a request for admission, the party making the request is entitled to rely thereon and no further proof is required to be made of facts thus admitted, and that the party to whom requests for admission are directed has the burden of taking some affirmative action relative thereto.

Factually similar to the instant case is *Pulverman v. A. S. Abell Company,* 131 F.Supp. 617 (D.Md.1955), where the party who was served with requests for admission did not respond and the requesting party thereupon made a mo-

tion for summary judgment. The defaulting party filed responses to the requests for admission approximately ninety days out of time. The Court, citing *Batson, supra,* ascertained that matters contained in the requests for admission were deemed to be admitted as true. On this state of the pleadings the Court proceeded to consider and granted the defendant's motion for summary judgment.

 For the reasons and principles herein, this Court is of opinion that Weva's motion for leave to file untimely responses to Belco's requests for admission is denied; that Weva, by its failure to make timely response to Belco's requests for admission, is deemed to have admitted the truth of the matters contained therein; and that these admissions may serve as a basis for the Court's consideration and determination of Belco's motion for summary judgment.

▮ Upon this hypothesis, there is no genuine issue as to any material fact with respect to allegations contained in Belco's counterclaim #1, and the Court finds that Belco is entitled to partial summary judgment in Civil Action 69–5–P as to Weva's proportionate share of the expenses incurred by Belco in controlling the "blowout" of the joint venture oil and gas well.

An order in keeping with the conclusions reached in this memorandum will follow. The order will also provide that pursuant to the requirements of Rule 56(d), Federal Rules of Civil Procedure, counsel for the parties to this litigation meet with United States Magistrate Leslie D. Lucas, Jr. at Parkersburg on October 21, 1975, at 1:00 p. m. for the purpose of identifying and defining issues of fact that are in good faith controverted and remain to be resolved by this consolidated trial. Counsel in conference with the Magistrate will ascertain all matters to be included in a supplemental pre-trial order to be prepared by counsel and submitted to the Court five (5) days in advance of trial which will commence at the Parkersburg, West Virginia, statutory point of holding court at 1:30 p. m. on November 10, 1975.