**William H. KIRKLAND, Plaintiff,**

v.

**James E. COOPER, d/b/a Buck Cooper Motors, Defendant.**

**Civ. A. No. 76–1721.**

United States District Court,
D. South Carolina,
Columbia Division.

Sept. 30, 1977.

Thomas C. R. Legaré, Jr., Kennedy & Price, Columbia, S. C., for plaintiff.

Roy E. Garris, Jr., Columbia, S. C., for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

HEMPHILL, District Judge.

Plaintiff's motion for summary judgment,[1] filed May 24, 1977, and heard in open court, invites decision. In support of his motion plaintiff offers: his Request for Admissions, answers offered thereto and defendant's failure to answer in the time allowed; supporting affidavits, plaintiff's deposition, the pleadings, and admissions by defendant's counsel. Upon due notice, the motion came on for hearing at Columbia, S. C., June 9, 1977, with both parties represented by counsel. Plaintiff seeks judgment in his favor, costs and attorneys' fees. This court is reluctant to grant a motion for summary judgment, but is reminded that such process is envisioned as an efficient tool for implementing justice where no issue of fact exists.

From the credible evidence, and statements,[2] before the court, this court publishes the following:

## FINDINGS OF FACT

1. Answers to plaintiff's Request for Admissions were due to be filed on or before February 9, 1977, but were not filed with the court until February 18, 1977.

2. The plaintiff purchased a 1974 Plymouth Fury III, four-door, hard-top automobile, Motor No. PH43M4D180361 from the defendant on July 9, 1976 for the total sum of Two Thousand, Seven Hundred, Sixty-Six and 30/100 ($2,766.30) Dollars.[3]

3. On June 7, 1976, some 30 days prior to the sale to plaintiff, defendant purchased the aforesaid automobile from Wilson Motors, 1101–03 Harden Street, Columbia, South Carolina, and was provided with and acknowledged receipt of, an "Odometer Mileage Statement", indicating an odometer reading of 51,233 miles.[4]

4. At the time of sale to plaintiff the odometer on the Plymouth did not show 51,233 miles, but read approximately 21,280 miles.[5] Defendant's Exhibit B, a mileage statement was allegedly given to the plaintiff, and while plaintiff admitted having signed same (apparently in blank), he denied receiving a copy thereof. Additionally, there was no odometer reading recorded in the space provided on the odometer statement as is required by statute.

---

1. Plaintiff's motion for sanctions against defendant, for failure to comply with this court's order to respond to discovery, has been previously considered and orally granted with a written order *nunc pro tunc* filed June 22, 1977.

2. The court will consider statements of defendant's counsel, as to fact, as if under oath.

3. Paragraph four (4) of the Complaint as admitted in paragraph two (2) of the Answer.

4. Alleged in paragraph seven (7) of the Complaint, and admitted in paragraph five (5) of the Answer. At the summary judgment hearing, defendant's counsel admitted this fact.

5. The low mileage was alleged in paragraph six (6) of the Complaint, denied in paragraph four (4) of the Answer, but admitted in defendant's late Answer to plaintiff's Request for Admissions 2(f).

5. It appears affirmatively[6] that defendant substituted an instrument panel, including a different odometer from that which registered 51,233 miles, the day before plaintiff purchased the vehicle, and certainly before the purchase transaction was closed. Defendant claims the odometer was replaced with the knowledge of plaintiff. In support thereof, defendant offered a typed statement allegedly signed by the plaintiff, dated July 12, 1976, (Exhibit A to defendant's Answer) authorizing the replacement of the dash panel and the odometer. Plaintiff denied under oath having signed this document, although admitting the signature appeared to be his.[7] However, plaintiff denied any knowledge of such change[8] and in his late Answer to plaintiff's Request for Admissions, defendant admits that no written notice of such replacement was affixed to the left door frame of the vehicle as is required by 15 U.S.C. § 1987,[9] a violation of the statute as a matter of fact. Defendant offered neither his own Affidavit nor any supporting verification of his claim other than the unverified purported authorization itself, and this court finds as a fact that there was no credible evidence that the plaintiff had knowledge of any such replacement.[10]

6. Uncontradicted on the record before this court is the statement that the odometer in the Plymouth had been tampered with.[11]

7. Defendant had plaintiff sign a paper stating the latter had received an odometer statement with "true mileage unknown", but the odometer statement offered as defendant's Exhibit B (at the hearing) was denied as having been filled in by Kirkland, and this was not refuted by defendant. It is undisputed that at the time of the sale to plaintiff, defendant knew of the 51,233 mileage figure, so the document was a fraud on its face and defendant's attempt to cover it up avails him nothing.

8. Between June 7, 1976 and July 9, 1976 the said 1974 Plymouth Fury III automobile was owned by the defendant and was subject to the possession or control of the defendant or one of his agents or employees.

9. Defendant is aware of and familiar with the statutory law (15 U.S.C. §§ 1981–1991 and Chapter V Part 580—Odometer Disclosure Requirements, 49 C.R.F. §§ 580.-1–580.6) requiring the disclosure of odometer readings to the buyer by the seller, and further requiring that when an odometer is repaired or replaced, written notice of such action be affixed to the left door frame of the vehicle.

10. The credible facts show that defendant sold plaintiff a car with mileage falsely represented and untrue as set on the odometer of the car plaintiff purchased, and that even if the dash panel and odometer were replaced as alleged by defendant, defendant did not comply with the statutory requirements for disclosing same. The statute has been violated as a matter of fact.

11. In support of his motion for summary judgment, plaintiff submitted his own Affidavit setting forth expenses he in-

---

6. See plaintiff's Interrogatory six (6)(h)(1)(n) propounded November 24, 1976 and the late answers thereto filed February 18, 1977 by defendant's counsel (but not verified by defendant under oath as required by Rule 33, Federal Rules of Civil Procedure).

7. See plaintiff's deposition page 13, line 3, through page 16, line 15.

8. See plaintiff's deposition, page 2, line 22, through page 13, line 2.

9. Plaintiff's Request for Admissions 2(L) and late Answer thereto.

10. Additionally, plaintiff's Request for Admissions 2(J) and 2(K), having not been timely answered, established that the odometer was not replaced prior to or after purchase of the automobile by plaintiff.

11. Pages 22–25 Kirkland deposition of December 10, 1976, verified by plaintiff's Exhibit 2, attached to deposition: bill for Oliver Motor Co. of August 18, 1976, for checking speedometer (odometer).

curred for repairs to the automobile sold to him by defendant as well as the diminution in value of said vehicle by reason of the incorrect odometer reading at the time he traded same for another vehicle. He also submitted an affidavit of an experienced car salesman as to the difference in value between plaintiff's automobile at time of purchase, with 51,000 miles of use as compared to the same automobile with 21,000 miles of use. Defendant did not offer affidavits or other evidence in opposition to same.

12. Plaintiff incurred expenses in the amount of $33.88 and $74.02 for repairs to the starter Bendix and the front brake pads and wheel bearings respectively.

13. As shown by the NADA Official Used Car Guide for May, 1976, offered by plaintiff with the affidavit of Fred H. Medlin, the difference in value between a 1974 Plymouth Fury III four-door automobile such as plaintiff's, with 21,000 miles of use and the same automobile with 51,000 miles of use, is Six Hundred and No/100 ($600.00) Dollars.

14. As shown by affidavit of plaintiff's counsel which sets forth in detail his time devoted to this case, counsel had expended a total of 65.25 hours up to the time of the hearing on the motion for summary judgment and expenses in the amount of $69.91 had been incurred. The regular hourly rate charged by counsel's firm is $50.00 per hour.

15. Counsel for both plaintiff and defendant are experienced and competent attorneys enjoying the respect of their fellow attorneys.

16. Defendant offered no affidavits directed at the reasonableness of the time or hourly rate attested to by counsel for plaintiff.

## –AND–

## CONCLUSIONS OF LAW

A. This court has jurisdiction of the parties and the subject matter of the action. 15 U.S.C. §§ 1981–1991, particularly 15 U.S.C. § 1989(b).

■ B. A Motion for Summary Judgment is proper and should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. The case, however, must be judged solely on the record before the trial judge, *Berry v. A.C.L. Railroad Company*, 273 F.2d 572 (4 Cir. 1960) *cert. den.* 362 U.S. 976, 80 S.Ct. 1060, 4 L.Ed.2d 1011, and under Rule 56(e), a party may not merely rely on the pleadings to create an issue of fact. *Thompson v. Evening Star Newspaper Co.*, 129 U.S.App.D.C. 299, 394 F.2d 774 (1968) *cert. den.* 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160. *See also, Brown v. Ford Motor Co.*, 494 F.2d 418 (10th Cir. 1974). The bare contention that there are disputed facts, no matter how often repeated, will not suffice to block summary judgment. *Zoby v. American Fidelity Co.*, 242 F.2d 76, 80 (4th Cir. 1957), cited in *Johns Hopkins University v. Hutton*, 297 F.Supp. 1165 (D.C.Md.1968). Defendant has failed to file any affidavits to oppose those filed by plaintiff, and accordingly, the facts established by those affidavits must be considered as established in view of the foregoing authority.

■ C. It is clear that unanswered requests for admissions may properly serve as an uncontroverted basis for purposes of summary judgment, *Bowles v. Batson*, 61 F.Supp. 839 (D.S.C.1945), *aff'd Batson v. Porter*, 154 F.2d 566 (4 Cir. 1946). While answers to plaintiff's Requests for Admissions were ultimately filed in the present case on February 18, 1977, said filing was not timely, as is shown by the affidavit of plaintiff's counsel filed February 16, 1977, said answers having been due on or before February 9, 1977. No motion was made by defendant for leave to file an untimely re-

sponse to plaintiff's Requests for Admissions, and indeed, it was held in *Weva Oil Corp. v. Belco Petroleum Corp.*, 68 F.R.D. 663 (D.W.Va.1975), that such a motion should be denied where to permit a response out of time would have prejudiced the opposing party by requiring it to prove matters contained in its requests for admissions. It was further held in *Weva, supra*, that by failure to make timely response, the truth of the matter contained in the request for admissions was conclusively established and may serve as basis for the court's consideration of a Motion for Summary Judgment.

D. Plaintiff asks for attorney fees, and he is entitled to same pursuant to 15 U.S.C. § 1989(a)(2). His attorney has expended time and effort which, if compensated in full, would justify a figure considerably in excess of the damages. This court believes the allowance of attorney fees was envisioned by Congress to encourage attorneys to help with the enforcement of the statute despite the fact that damages might not be of large amount.

This court has previously considered in detail the question of reasonable attorney's fees in actions brought under 15 U.S.C. §§ 1981–1991, in *Gimarc v. Neal*, 417 F.Supp. 129 (D.S.C.1976). As was there noted, "If the attorney is to be awarded a fee commensurate with the assistance he gave the plaintiff, his fee could easily overshadow the amount which is recovered for the plaintiff". *Id.* at 131. As was further observed there, ". . . the evaluation of an attorney's services must begin with consideration of the hours and the rate". *Id.* at 132 (citations omitted). In the present case, counsel for the plaintiff has presented this court with a detailed recapitulation of his time devoted to the present case as well as the hourly rate regularly charged by his firm. Defendant has offered nothing to rebut said affidavit or to suggest what a reasonable attorney fee is in this case.

## CONCLUSION

From the foregoing findings of fact and conclusions of law, this court is of the opinion that there are no material issues of fact remaining which would justify a trial by jury. Plaintiff has shown by his affidavits, plaintiff's deposition, and requests for admissions that defendant failed to comply with the requirements of 15 U.S.C. §§ 1981–1991, and that such failure was both knowing and willful. Plaintiff's damages have been established by affidavits, which have not been countered by opposing affidavits, to be at least in the amount of $707.90, and in accordance with 15 U.S.C. § 1989(a)(1), is entitled to an award of three times actual damages or $2,123.70. Additionally, plaintiff is entitled under 15 U.S.C. § 1989(a)(2) to the costs of this action in the amount of $69.91, and attorneys' fees in the amount of Two Thousand ($2,000.00) Dollars.

IT IS THEREFORE ORDERED that the Clerk shall enter judgment for the plaintiff for $2,123.70 damages, the costs of this action in the amount of $69.91, and attorneys' fees in the amount of Two Thousand ($2,000.00) Dollars.

AND IT IS SO ORDERED.