Keith T. HILL

v.

**BERGERON PLYMOUTH CHRYSLER, INC., Carl Cole and River Road Porsche-Audi, Inc.**

**Civ. A. No. 78–596.**

United States District Court, E. D. Louisiana, "H" Division.

Aug. 31, 1978.

C. Ellis Henican, Jr., A. Reed Sharpe, Jr., New Orleans, La., for plaintiff.

Bruce M. Danner, New Orleans, La., for defendant.

### MEMORANDUM AND ORDER

DUPLANTIER, District Judge.

Defendant, River Road Porsche-Audi, Inc., has moved this Court to grant summary judgment in its favor and dismiss this action. On considering the record, briefs, arguments of counsel, and the applicable law,

IT IS ORDERED that the defendant's motion for summary judgment is hereby GRANTED, for the following reasons.

## REASONS

The speedometer, which included the odometer, in defendant Carl Cole's 1972 Audi 100LS had been working improperly. He therefore had it replaced by defendant River Road Porsche-Audi, Inc. (River Road) at a cost of $49.45 for parts and labor. River Road admits that it did not reset the new odometer, nor did River Road affix a notice to the left door frame of the car to indicate the prior mileage and the date of replacement of the speedometer. This omission on the part of River Road is a violation of 15 U.S.C. § 1987, a provision of the Motor Vehicle Information and Costs Savings Act of 1972, 15 U.S.C. § 1901 *et seq.*

Over one year after the speedometer had been replaced, defendant Cole sold the car to defendant Bergeron Plymouth Chrysler, Inc. Plaintiff purchased the car from Bergeron Plymouth about a month later.

Plaintiff brought this suit against Cole, Bergeron and River Road under 15 U.S.C. § 1989, which imposes civil liability upon anyone "who, with intent to defraud, violates any requirement" imposed by the Act concerning odometer readings.

Even though River Road admits that it violated the statute by failing to reset the new odometer or attach the required notice, plaintiff must prove that the violation was accompanied by an intent to defraud before he can prevail under 15 U.S.C. § 1989.

The plaintiff has presented no evidence indicating that River Road had any intent to defraud. There is no evidence in the record as to any motive on the part of River Road for misrepresenting the mileage figure, nor is there even an allegation that River Road was in collusion with a transferor who may have profited from the reduced mileage figure on the odometer. If anything, the fact that the car was not sold until over a year after River Road replaced the odometer certainly creates a strong inference that the replacement was not done by River Road in anticipation of, or preparation for, a sale.

While it is true that this Court may infer an intent to defraud from a defendant's negligent actions, negligence alone is not enough to support liability under § 1989. The cases cited by plaintiff,[1] in which liability was based upon the negligence or recklessness of a defendant, are inapplicable to this case. In those cases there was more than a negligent violation of the statute; there was, at the least, a definite motive for misrepresentation.

The Court recognizes that issues of intent and negligence are generally not appropriate for resolution by summary judgment. However, in clear cases when the plaintiff has totally failed to produce any evidence of intent, and it appears that plaintiff could not under any circumstances produce such evidence, summary judgment is a viable means for the swift conclusion of this part of the litigation. The Court treads no new ground today by granting summary judgment in a § 1989 case. *See Pepp v. Superior Pontiac GMC, Inc.,* 412 F.Supp. 1053 (E.D.La.1976), granting defendant's motion for summary judgment to dismiss plaintiff's § 1989 action; *Kirkland v. Cooper,* 438 F.Supp. 808 (D.S.C.1977), granting plaintiff's motion for summary judgment in a § 1989 action. This Court does not believe that Congress intended to penalize unwary or careless repairmen under § 1989.

For the above stated reasons, River Road's motion for summary judgment dismissing plaintiff's claim is hereby GRANTED.

---

1. *Jones v. Fenton Ford, Inc.,* 427 F.Supp. 1328 (D.Conn.1977); *Kantorczyk v. New Stanton Auto Auction, Inc.,* 433 F.Supp. 889 (W.D.Pa. 1977).