295 S.E.2d 25

**DINGESS–RUM COAL CO.**

v.

**Harold G. LEWIS.**

**No. 15179.**

Supreme Court of Appeals of West Virginia.

July 1, 1982.

Rehearing Denied Sept. 16, 1982.

---

Steptoe & Johnson and Charles W. Yeager, Charleston, for appellant.

Hall, Albertson & Jones, Harold S. Albertson, and Edward N. Hall, Charleston, for appellee.

PER CURIAM:

This is an appeal by Harold G. Lewis from a decision of the Circuit Court of Boone County granting a motion for summary judgment. On April 9, 1970, Dingess-Rum Coal Company brought suit in the Circuit Court of Boone County against Mr. Lewis for trespassing. In its complaint, Dingess-Rum alleged that it owned 228 acres of land located on Round Bottom Branch in Boone County and that Mr. Lewis owned land contiguous to the 228 acres. The complaint further alleged that for a period of three years Mr. Lewis and his representatives had wrongfully trespassed upon the Dingess-Rum land. A permanent injunction against such trespass was sought as relief.

The appellant filed an answer in which he disclaimed any knowledge of the coal company's title to the subject property and asserted that he was the owner of approximately 32 of the 228 acres of land in question.[1] On December 1, 1970, the deposition of Mr. Lewis was taken by opposing counsel. No further action is indicated by the record until October 3, 1975, when a request for admissions was served upon Mr. Lewis by Dingess-Rum pursuant to Rule 36, West Virginia Rules of Civil Procedure. The request asked the appellant to admit: (1) the genuineness of certain documents which purported to give the appellee a paper record title to the land in question; (2) the genuineness and accuracy of a survey conducted in 1950 and 1962 by Good Engineering Co.; (3) the absence of a valid claim of adverse possession to the land in question by virtue of the deposition previ-

---

1. Both parties had deeds purporting to give them title to the land in question. Dingess-Rum had a deed from the Kanawha Valley Bank dated December 10, 1963. Mr. Lewis had a deed from his father dated June 27, 1961.

ously taken; (4) the absence of any valid and legal defenses raised in the appellant's answer, also by virtue of testimony in the deposition.

A pre-trial conference was subsequently held and the appellee made a motion for summary judgment on the grounds that: the request for admissions had not been answered, the failure to answer constituted an admission under Rule 36, and those admissions together with the other matters of record established that there was no genuine issue as to any material fact. The court declined to rule on the motion immediately and granted additional time to respond to the request on the basis of an affidavit filed by the appellant indicating that he was currently hospitalized. The court directed the appellant to answer the request within ten days after his health had improved to the extent that he could proceed.

On February 19, 1976, the appellee's counsel was notified that the appellant's health had improved. However, no response to the appellee's request was made. On April 11, 1977, the appellee renewed its motion for summary judgment. By order entered June 17, 1977, the court found that the appellant had failed to respond to the request within the allowed ten days and that a period of one year, two months, and twenty days had passed since the date upon which the appellant was required to answer. The court concluded as a matter of law that the matters contained in the request for admissions were deemed accepted and taken as admitted for the purposes of the civil action before it. The appellant was given thirty days within which to respond to the appellee's motion for summary judgment.

The appellant did respond to the motion and in addition made a motion for summary judgment in his favor. By order entered April 18, 1980, the circuit court granted summary judgment in favor of Dingess-Rum and ordered that the appellant, Harold Lewis, be permanently enjoined and restrained from entering upon the lands in question. The court found, *inter alia,* that:

(a) The instruments set forth in Subparagraph (a) of the Plaintiff's Requests for Admissions are genuine and prove actual and record title to the real estate and interests in land claimed by the plaintiff in the complaint served and filed herein.

(b) The survey exhibited with the Plaintiff's Requests for Admission and prepared by Good Engineering Company is a genuine and proper survey and represents the boundaries of the 228 acre parcel of land or interests in real estate to which this civil action relates.

It is from this final order that the appellant now appeals.

Rule 36, the civil rule under which the request for admissions was made, states in pertinent part:

(a) *Request for admission.* A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request....

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him.

■ This Court has not had the occasion to discuss the situation that arises when a party fails to respond to a request for admissions under Rule 36. West Virginia Rule 36 is, however, identical to Rule 36 of the Federal Rules of Civil Procedure and the federal law in this area is well established. The general and prevailing rule is that the failure to respond is deemed to be an admission of the matters set forth in the

request. By failing to respond, a party admits the truth of the matters contained therein. *See, Luick v. Graybar Electric Co., Inc.,* 473 F.2d 1360 (8th Cir. 1973); *Chess Music, Inc. v. Bowman,* 474 F.Supp. 184 (D. Neb. 1979); *Kirkland v. Cooper,* 438 F.Supp. 808 (D.S.C. 1977); *Weva Oil Corp. v. Belco Petroleum Corp.* 68 F.R.D. 663 (N.D.W. Va. 1975).

Although there is authority to the effect that an untimely response will be excused if the delay was not caused by lack of good faith and the untimely response will not prejudice the opposing party,[2] the appellant in the instant case does not invoke either of these excuses. Here, Dingess-Rum served the request for admissions upon the appellant on October 3, 1975. On October 10, 1975, the appellant filed an affidavit indicating that he was currently hospitalized and unable to answer. On the basis of this affidavit, the court, in its discretion under Rule 36, granted the appellant additional time to respond. As previously noted, no answer or objection to the request was ever made and the circuit court, thereafter, ruled that the matters contained within the request were deemed admitted.

From the record, it does not appear that the appellant sought, after his initial affidavit was filed, to obtain additional time to respond to the request. He was given over fourteen months within which to do so before the court finally ruled that the matters would be admitted. On the basis of these facts, the trial court was correct in deeming the matters contained in the request admitted for the purpose of summary judgment.

The appellant argues in his brief that even if the matters contained within the request are deemed admitted, a genuine issue of material fact still exists in the case and summary judgment should not have been granted. A basic principle of law relating to summary judgment was set out in syllabus point 4 of our landmark case of *Aetna Casualty and Surety Co. v. Federal Insurance Co.,* 148 W.Va. 160, 133 S.E.2d 770 (1963):

> If there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact.

We disagree with the appellant's contention that a material issue of controverted fact exists in this case. By admitting that he has no adverse possession claim over the property and that Dingess-Rum has record title to the land, the appellant has conceded his case. The fact that he claims ownership of the land is not enough. He argues that testimony in his deposition indicates that there is sufficient evidence of adverse possession to entitle him to a trial on the merits of his claim. The fallacy of this argument is that he has already admitted, under Rule 36, that he has no adverse possession claim. Matters contained in requests for admissions may serve as a basis for summary judgment, *see, Kirkland v. Cooper, supra,* and *Weva Oil Corp. v. Belco Petroleum Corp., supra,* and in this case those matters which were conclusively established indicate that there is no remaining issue of fact in this case to be tried.

For the reasons stated above, the judgment of the Circuit Court of Boone County is affirmed.

Affirmed.

**2.** *See, 4A Moore's Federal Practice* § 36.05[4], at 36–53—36–56 (2d ed. 1982).