IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WASTEZERO, INC.,**
**Plaintiff/Counter-Claim Defendant Below, Petitioner**

**v.) No. 24-ICA-271**       (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2022-C-185)

**FOODMASTERS, LLC d/b/a KANAWHA**
**CITY PIGGLY WIGGLY,**
**Defendant/Counter-Claim Plaintiff Below, Respondent**

**FILED**
**April 29, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Wastezero, Inc. ("Wastezero") appeals the Circuit Court of Kanawha County's May 29, 2024, order denying Wastezero's motion to withdraw non-responses to requests for admission and granting summary judgment in favor of Respondent Foodmasters, LLC d/b/a Kanawha City Piggly Wiggly ("Foodmasters"). Foodmasters filed a response.[1] Wastezero filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Starting in July 2015, the City of Charleston ("City") engaged in a trash/recycling bag voucher program coordinated by Wastezero through a "Voucher Supplies and Services Agreement" between Wastezero and the City. Through the voucher program, the City provided certain qualifying residents with vouchers that could be redeemed at participating retailers (such as Foodmasters) for 32-gallon trash bags or recycling bags. After a retailer exchanged the vouchers for bags, it would send the vouchers to Wastezero and the retailer's account would be credited for the next bag distribution to the retailer. The voucher program ended in September 2019.

In March 2022, Wastezero filed this action alleging that Foodmasters owed Wastezero $10,913.42 for a quantity of bags sold to Foodmasters prior to the end of the voucher program in September 2019. Foodmasters filed a counterclaim asserting that it

---

[1] Wastezero is represented by Clinton W. Smith, Esq. Foodmasters is represented by Jonathan Nicol, Esq.

sent 111,432 vouchers to Wastezero during the voucher program, but Wastezero never reimbursed Foodmasters $36,246.10 for those vouchers.

In May 2023, Foodmasters served requests for admission on Wastezero. Wastezero failed to respond to the requests for admission, did not ask for an extension, and did not respond to Foodmasters' attorney's multiple status inquiries regarding responses. In August 2023, Foodmasters filed a motion for summary judgment primarily based on facts deemed admitted pursuant to Rule 36(a) of the West Virginia Rules of Civil Procedure due to Wastezero's failure to respond. By failing to respond, Wastezero admitted that it owed Foodmasters $39,001.20. In further support of its summary judgment motion, Foodmasters attached documents and affidavit testimony establishing the number of vouchers sent by Foodmasters to Wastezero.

Foodmasters' motion for summary judgment was set for hearing on January 5, 2024. On January 2, 2024, Wastezero filed a motion for leave to withdraw prior non-responses to Foodmasters' requests for admission, responses to the requests for admission and a response in opposition to Foodmasters' motion for summary judgment. In its May 29, 2024, order granting summary judgment and denying Wastezero's motion to withdraw prior non-responses to the requests for admission, the circuit court found that for a period of 195 days, Wastezero failed to respond to requests for admission while scheduling order deadlines ticked away to Foodmasters' prejudice. The circuit court further found that Wastezero's January 2, 2024, filings were untimely and lacked good cause for their untimeliness. Based on those findings, the circuit court denied Wastezero's motion to withdraw its non-responses to the requests for admission. The circuit court also granted summary judgment on Foodmasters' counterclaim for $36,246.10, based on Wastezero's admissions and on the exhibits attached to Foodmasters' motion for summary judgment. Moreover, the circuit court concluded that by conceding that it owed Foodmasters $39,001.20, Wastezero had effectively conceded its claim that Foodmasters owed Wastezero $10,913.42.

Wastezero appeals the circuit court's May 29, 2024, order.

In this appeal, we review the portion of the circuit court's order denying Wastezero's motion to withdraw non-responses to requests for admission under the following standard:

> The West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.

Syl. Pt. 1, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). With regard to the portion of the circuit court's order granting Foodmasters' motion for summary judgment, we apply a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.").

On appeal, Wastezero raises two assignments of error: (1) the circuit court abused its discretion by denying Wastezero's motion to withdraw non-responses to requests for admission; and (2) the circuit court erred by granting summary judgment based solely on unanswered requests for admission as a sanction against Wastezero where the weight of the evidence showed that genuine issues of material fact existed for trial.[2]

In its first assignment of error, Wastezero asserts that the circuit court abused its discretion in denying its motion to withdraw its prior non-responses to requests for admission. We disagree. A circuit court has broad discretion when determining whether to deny a motion as untimely filed. *See Firewater Restoration, Inc., v. Maroni*, 2023 WL 3719859 *3 (W. Va. May 30, 2023) (memorandum decision) (quoting *Baker v. Chemours Co. FC, LLC*, 244 W. Va. 553, 563, 855 S.E.2d 344, 354 (2021) ("[E]nforcement of the time limits in [a scheduling] order is within the court's broad discretion to control its docket."); *see also B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 466, 475 S.E.2d 555, 558 (1996) ("[T]rial courts have the inherent power to manage their judicial affairs that arise during proceedings in their courts, which includes the right to manage their trial docket."). The circuit court denied Wastezero's motion to withdraw non-responses to the requests for admission as untimely and Wastezero failed to show good cause for why it was untimely. The circuit court further noted that the motion to withdraw non-responses was not filed ten days prior to the January 5, 2024, hearing date, as required by the circuit court's scheduling order. Because Wastezero filed its motion to withdraw non-responses along with its response to Foodmasters' motion for summary judgment just three days prior to the hearing, the motion to withdraw non-responses clearly violated the circuit court's scheduling order. Therefore, we find that the circuit court did not abuse its discretion in denying Wastezero's motion to withdraw non-responses to Foodmasters' requests for admission.

In its second assignment of error, Wastezero asserts that the circuit court abused its discretion in granting Foodmasters' motion for summary judgment, as a discovery sanction, when genuine conflicts in the evidence existed. We disagree. As an initial matter, the circuit court did not grant summary judgment as a discovery sanction. Rather, it correctly found that because the dispositive facts were admitted, there were no genuine

---

[2] In the section of its brief setting out its Assignments of Error, Wastezero lists these arguments as a single assignment of error. However, as a practical matter in the argument section of its brief, Wastezero argues these two issues as separate assignments of error. Accordingly, we will review them as separate issues.

issues of material fact for trial. Wastezero admitted that it owes Foodmasters $39,001.20. By obtaining this admission, Foodmasters established it is entitled to a judgment on its counterclaim. *See* W. Va. R. Civ. P. 36(b) (1998) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."). Further, by admitting the amount owed to Foodmasters, the circuit court concluded that "Wastezero has conceded its case." *See Dingess-Rum Coal Co. v. Lewis*, 170 W. Va. 534, 537, 295 S.E.2d 25, 28 (1982). Based on our review of the record, we find no error.

Accordingly, we affirm the Circuit Court of Kanawha County's May 29, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge S. Ryan White

**CONCURRING, IN PART, AND DISSENTING, IN PART**:

Judge Daniel W. Greear

Greear, J., concurring, in part, and dissenting, in part:

While I agree with the majority's reasoning and decision affirming the denial of Wastezero's motion to withdraw non-responses to requests for admission and the associated grant of summary judgment to Foodmasters on its counterclaim, I believe that the circuit court erred in finding that those admissions also constituted a basis for granting summary judgment in favor of Foodmasters on the original complaint filed by Wastezero.

Although Wastezero's failure to respond to Foodmasters' request for admissions resulted in the admission of the disputed issues of material fact related to the counterclaim, the original claim filed by Wastezero was based on separate allegations and evidence. Thus, it would be possible, based upon the disputed facts at issue, for both parties to prevail on their respective claims. Accordingly, while the admission of facts (via the deeming Wastezero's requests for admissions as admitted), establishes the validity of Foodmasters' counterclaim, it does not preclude the viability of Wastezero's original claim. Therefore, I respectfully dissent from that aspect of the majority's opinion.

4